John P. Kristensen (SBN 224132)
David L. Weisberg (SBN 211675)
**KRISTENSEN WEISBERG, LLP**
12540 Beatrice Street, Suite 200
Los Angeles, California 90066
Telephone: (310) 507-7924
Fax: (310) 507-7906
*john@kristensenlaw.com*
*david@kristensenlaw.com*

*Attorneys for Plaintiff and all others
similarly situated*

## THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| ADRIAN BACON, on behalf of himself and all others similarly situated,<br><br>    Plaintiffs,<br><br>    vs.<br><br>MATRIX WARRANTY SOLUTIONS, INC, a Texas corporation; and DOE INDIVIDUALS, inclusive, and each of them,<br><br>    Defendants. | Case No.: 8:18−cv−01784−JLS−DFM<br><br>**CLASS ACTION**<br><br>**JOINT STIPULATED MOTION FOR DISMISSAL OF CLASS ACTION ALLEGATIONS WITHOUT PREJUDICE AND WITHOUT NOTICE TO PUTATIVE CLASS AND DISMISSAL WITH PREJUDICE OF PLAINTIFF'S INDIVIDUAL CLAIMS**<br><br>**Assigned to: Hon. Josephine L. Staton**<br><br>**Complaint filed: October 2, 2018** |

1
2
3
4
5

COMES NOW Plaintiff ADRIAN BACON, ("Plaintiff" or "Bacon"), on behalf of himself and all others similarly situated, and Defendant MATRIX WARRANTY SOLUTIONS, INC. ("Defendant" or "Matrix") (collective, the "Parties"), by and through their respective attorneys of record, and hereby jointly stipulate and agree to the following:

6
7
8
9

1.     WHEREAS, on October 2, 2018, Plaintiff filed the Complaint in this matter (Dkt. No. 1) naming defendant MATRIX WARRANTY SOLUTIONS, INC. with causes of action for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

10
11
12
13

2.     WHEREAS, on October 5, 2018, Plaintiff served Matrix with a Summons, the Complaint, Certificate of Interested Parties, Notice of Assignment to United States Judges, and Notice of Parties of Court-Directed ADR Program. (Dkt. No 9).

14
15
16

3.     WHEREAS, on October 9, 2018, the Parties filed a Stipulation extending Maxtrix's deadline to respond to Plaintiff's Complaint to November 26, 2018, allowing time to discuss early resolution. (Dkt. No. 10).

17
18
19
20
21
22
23
24
25

4.     WHEREAS, on November 26, 2018, following a conference between counsel pursuant to Local Rule 7-3, Matrix filed a Motion to Dismiss seeking to dismiss proposed out-of-state putative class members with prejudice for lack of personal jurisdiction.  On November 27, 2018, the Court issued an Order striking Defendant's Motion to Dismiss for not having noticed it for the first available hearing date.  (Dkt. 15).  Defendant filed an Amended Motion to Dismiss with a hearing date of January 25, 2019.   On November 28, 2018, the Court issued an Order setting a Scheduling Conference for January 25, 2019. (Dkt. 18).

26

///

27
28

**STIPULATED MOTION FOR DISMISSAL OF CLASS ACTION ALLEGATIONS WITHOUT PREJUDICE AND WITHOUT NOTICE TO PUTATIVE CLASS AND DISMISSAL WITH PREJUDICE OF PLAINTIFF'S INDIVIDUAL CLAIMS**

**-2-**

37680536.1

1
2
3
4
5
6
7

5.     WHEREAS, the parties have had ongoing discussions about the status of the case and Matrix's financial condition and in early December of 2018, the Parties reached a resolution of Plaintiff's claims.  On December 11, 2018, Plaintiff filed a Notice of Settlement notifying the Court that the Parties intended to complete the terms of the settlement and that Plaintiff would file a Notice of Voluntary Dismissal of Plaintiff's individual claims and without prejudice as to the putative class claims. (Dkt. No. 19).

8
9
10
11
12
13

6.     WHEREAS, on December 14, 2018, this Court issued an Order vacating all hearing dates and ordered the Parties to review the Court's requirements for obtaining a settlement of only the individual claims in a putative class action on the Court's Procedures Page and file dispositional documentation within forty-five (45) days, on or before January 31, 2019.  (Dkt. 20).

14
15
16
17
18
19
20
21
22

7.     WHEREAS, the Parties have reviewed this Court's procedures regarding a putative class action where a settlement is reached of only the named plaintiff's individual claims and the parties seek to dismiss the class claims. After good-faith negotiations with Defense, the Parties agreed to a modest individual settlement to resolve Plaintiff's claim, and to dismiss the claims of the putative class without prejudice. The parties are in the process of drafting a written settlement agreement and a true and correct copy of the Parties' Confidential Settlement Agreement will be filed under seal as Exhibit "1" in a separate filing and as soon as it is available.

23
24
25
26

8.     As set forth below, the Parties hereby articulate why the factors (as identified in *Diaz v. Trust Territory of the Pacific Islands* ("*Diaz*"), 876 F.2d 1401, 1408 (9th Circ. 1989)) favor dismissal and why notice need not be provided to the putative class.

27
28

STIPULATED MOTION FOR DISMISSAL OF CLASS ACTION ALLEGATIONS WITHOUT PREJUDICE AND WITHOUT NOTICE TO PUTATIVE CLASS AND DISMISSAL WITH PREJUDICE OF PLAINTIFF'S INDIVIDUAL CLAIMS

-3-

37680536.1

## I.   THE DIAZ STANDARDS AS THEY APPLY TO THIS ACTION

9.     Under *Diaz*, the Court must assess potential prejudice to the putative class members from: (1) "possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances"; (2) "lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations"; and (3) "any settlement or concession of class interests made by the class representative or counsel in order to further their own interests." *Diaz*, 876 F.2d at 1401.

10.    As to the first factor, the Parties have not engaged in any efforts to garner publicity with regards to this case, have not been contacted by any individuals with claims the same or similar to that of the putative class, and are unaware of any other publicity regarding this matter.

11.    As to the second factor and regarding the class portion of the Complaint concerning the Telephone Consumer Protection Act ("TCPA"), some take the position the TCPA has a four (4) year statute of limitations pursuant to 28 U.S.C. § 1658.  This case concerns alleged telephone calls made in 2018, such that the Statute of Limitations may not toll until 2022.  Thus, under any circumstances there are no rapidly approaching statute of limitation deadlines.

12.    As to the third factor, Plaintiff is seeking to dismiss only his individual TCPA claims against Matrix with prejudice.  The dismissal sought will be without prejudice as to the putative class.  Thus, there is not a settlement or concession of class interests in the furthering of Plaintiff's interests, as individual putative class members continue to retain the right to pursue claims against Matrix in the future, should those purported class claims exist.

13.    Further, as to the collusive or prejudicial concern put forth by the Court in *Diaz*, it further noted that "[a]bsent any indication that *these* plaintiffs

STIPULATED MOTION FOR DISMISSAL OF CLASS ACTION ALLEGATIONS
WITHOUT PREJUDICE AND WITHOUT NOTICE TO PUTATIVE CLASS AND
DISMISSAL WITH PREJUDICE OF PLAINTIFF'S INDIVIDUAL CLAIMS
**-4-**

actually appended class allegations in an attempt to get favorable individual settlements, there is no reason to require notice here as a deterrent to hypothetical abusive plaintiffs." *Diaz*, 876 F.2d at 1409 (9th Cir. 1989). Plaintiff originally filed this matter as a TCPA Class Action because of the alleged unwanted calls to his cell phone that he allegedly received. Plaintiff contends that he received numerous calls in violation of the TCPA and therefore this confidential settlement is within the range of his individual claims as well. Thus, there was no attempt to "append" class allegations to obtain a favorable individual settlement and the settlement terms reflect no disproportionate individual settlement of Plaintiff's claims.

14. Accordingly, the three factors in this matter do not implicate the purposes underlying the notice requirement of Fed. R. Civ. P. R. 23(e) in a pre-certification dismissal.

///
///
///
///
///
///
///
///
///
///
///
///

**STIPULATED MOTION FOR DISMISSAL OF CLASS ACTION ALLEGATIONS WITHOUT PREJUDICE AND WITHOUT NOTICE TO PUTATIVE CLASS AND DISMISSAL WITH PREJUDICE OF PLAINTIFF'S INDIVIDUAL CLAIMS**
-5-

37680536.1

1       15.    The Parties therefore stipulate and move the Court to dismiss the

2   class allegations without prejudice pursuant to Federal Rules of Civil Procedure

3   23(3) and 41, and to dismiss Plaintiff Adrian Bacon's individual claims against

4   Matrix with prejudice.    Each Party hereto shall bear their own respective

5   attorneys' fees and costs.

6

7       IT IS SO STIPULATED.

8

    Dated:  January 15, 2019        Respectfully submitted,

9

10                  By:    */s/ David L. Weisberg*

                        David L. Weisberg

11                          *david@kristensenlaw.com*

                        John P. Kristensen

12                          *john@kristensenlaw.com*

13                          **KRISTENSEN WEISBERG, LLP**

                        12540 Beatrice Street, Suite 200

14                          Los Angeles, California 90066

                        Tel:  (310) 507-7924

15                          Fax: (310) 507-7906

16

17                  By:    */s/ Neil Thakor*

18                          Neil Thakor

                        *neil.thakor@gmlaw.com*

19                          **GREENSPOON MARDER LLP**

20                          1875 Century Park East, Suite 1850

                        Los Angeles, California 90067

21                          Tel.: (310) 880-4520

22                          Fax: (954) 771-9264

23

24

25

26

27

28

**STIPULATED MOTION FOR DISMISSAL OF CLASS ACTION ALLEGATIONS WITHOUT PREJUDICE AND WITHOUT NOTICE TO PUTATIVE CLASS AND DISMISSAL WITH PREJUDICE OF PLAINTIFF'S INDIVIDUAL CLAIMS**
-6-

37680536.1

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this fifteenth day of January, 2019, the foregoing document titled JOINT STIPULATED MOTION FOR DISMISSAL OF CLASS ACTION ALLEGATIONS WITHOUT PREJUDICE AND WITHOUT NOTICE TO PUTATIVE CLASS AND DISMISSAL WITH PREJUDICE OF PLAINTIFF'S INDIVIDUAL CLAIMS and accompanying Proposed Order will be served in accordance with the Court's CM/ECF system, which will send notification of such filing and a true copy of the foregoing document by notice via email to the ECF participants of record.

*/s/Vanessa Brahm*
Vanessa Brahm